IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 11-cv-01732-WYD-BNB

MITCHELL PINSLY, derivatively on behalf of JANUS CAPITAL GROUP, INC.,

    Plaintiff,

v.

STEVEN L. SCHEID, et al.,

    Defendants.

and

JANUS CAPITAL GROUP, INC,

    Nominal Defendant.

_____

Consolidated with

Civil Action No. 11-cv-02142-WYD-BNB

CHARLES D. SWANSON, derivatively on behalf of JANUS CAPITAL GROUP, INC.,

    Plaintiff,

v.

RICHARD M. WEIL, et al.,

    Defendants,

and

JANUS CAPITAL GROUP, INC,

    Nominal Defendant.

## ORDER OF CONSOLIDATION

THIS MATTER is before the Court on Plaintiff Mitchell Pinsly's Unopposed Motion to Consolidate Related Actions and for Appointment of Lead and Liaison

Counsel filed September 8, 2011. The motion seeks to consolidate Civil Action No. 11-cv-02142-CMA-KLM with the case pending before me, Civil Action No. 11-cv-01732-WYD-BNB pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1. Because the lowest numbered case is assigned to me, I must decide whether consolidation is appropriate pursuant to Local Rule 42.1.

Fed. R. Civ. P. 42(a) states that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Consolidation is within the discretion of the trial court. *Gillette Motor Transport v. N. Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950).

Upon review of the files in these cases, I find that the two cases involve common questions of law and fact and should be consolidated. Both cases are shareholder derivative actions filed on behalf of Janus Capital Group, Inc. against certain of the Company's current and former officers and directors related to the same facts. Both actions present substantially identical issues and relate to whether Janus' directors and certain senior officers breached their fiduciary obligations to the Company and its stockholders.

I now turn to the request in the motion that the Weiser Law Firm, P.C. be appointed as Plaintiffs' lead counsel and the Shuman Law Firm as Liaison Counsel. Plaintiff asserts that a court which has consolidated actions may, at its discretion, appoint Lead Counsel (and Liaison Counsel) to prosecute the consolidated cases. The motion represents that this request is

unopposed in Case No. 11-cv-01732 and opposed in 11-cv-02142.  I defer ruling on this issue until the matter has been fully briefed.

Based on the foregoing, it is

ORDERED that Plaintiff Mitchell Pinsly's Unopposed Motion to Consolildate Related Actions and for Appointment of Lead and Liaison Counsel (ECF No. 27) is **GRANTED** to the extent it requests consolidation and **DEFERRED** to the extent it asks for Appointment of Lead and Liaison Counsel.  In accordance therewith, it is

ORDERED that *Swanson v. Weil, et al.*, Civil Action No. 11-cv-02142-CMA-KLM shall be assigned to me and consolidated with this case for all further purposes.  It is

FURTHER ORDERED that as of the date of this Order, all pleadings and other filings shall be filed in the earlier numbered case, 11-cv-01732, using the caption appearing in this Order.  It is

FURTHER ORDERED that Civil Action No. 11-cv-02142 shall hereafter be referred to the magistrate judge assigned to the lowest case, in this case Magistrate Judge Boland.  It is

FURTHER ORDERED that the Clerk of Court shall docket this Order in Case No. 11-cv-02142.  Finally, it is

ORDERED that the later filed case shall hereafter be designated as Civil Action No. 11-cv-02142-WYD-BNB.

Dated: September 13, 2011

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge